FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 02, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMERICAN FAMILY LIFE INSURANCE COMPANY, a Wisconsin insurance corporation, | No. 2:23-CV-00312-MKD |
| Plaintiff-Stakeholder, | ORDER GRANTING DEFENDANT-CLAIMANT HAHN'S MOTION TO DISMISS |
| v. | **ECF No. 35** |
| ESTATE OF ROBERT W. BRADLEY; SARAH McLAUGHLIN, an individual; AMY MARIE BRADLEY, an individual; KESHIA HAHN, an individual and personal representative of the Estate of Robert W. Bradley; ROLLAND HOOD, an individual; RICHARD HOOD, an individual; D.P., a minor; M.P., a minor; RE. B., a minor; RY. B., a minor; and DOES 1-25, | |
| Defendant-Claimants. | |

ORDER - 1

SARAH McLAUGHLIN

                    Cross-Claimant,

     v.

ESTATE OF ROBERT W.
BRADLEY, an individual; AMY
MARIE BRADLEY, an individual;
KESHIA HAHN, an individual and
personal representative of the Estate of
Robert W. Bradley; ROLLAND
HOOD, an individual; RICHARD
HOOD, an individual; D.P., a minor;
M.P., a minor; RE. B., a minor; RY. B.,
a minor; and DOES 1-25,

                    Cross-Defendants.

---

ESTATE OF ROBERT W.
BRADLEY, by and through personal
representative Keshia Hahn; RE. B., a
minor; RY. B., a minor,

                    Cross-Claimants,

     v.

AMY MARIE BRADLEY, an
individual; ROLLAND HOOD, an
individual; RICHARD HOOD, an
individual; D.P., a minor; M.P., a
minor; RE. B., a minor; RY. B., a
minor; and DOES 1-25,

                    Cross-Defendants.

ORDER - 2

1    Before the Court is Defendant-Claimant Keshia Hahn's (Hahn) Motion to

2   Dismiss.  ECF No. 35.  For the reasons discussed herein, Hahn's Motion to

3   Dismiss is granted.

4                                **BACKGROUND**

5    This case arises out of a dispute as to the rightful recipient(s) of a life

6   insurance policy held by Mr. Robert Bradley ("Decedent").  Plaintiff American

7   Family Life Insurance Company ("AFLIC") contends it has no interest in the life

8   insurance benefits.  ECF No. 1 at 8.  AFLIC filed a Complaint for Interpleader

9   under Federal Rule of Civil Procedure 22 on October 30, 2023.  *Id.*  AFLIC seeks a

10  judicial determination of the rightful recipients of the insurance policy.  *See id.*  At

11  the beginning of this suit, there were ten potential defendant-claimants: the Estate

12  of Robert Bradley ("Estate"); Sarah McLaughlin (Decedent's fiancé at the time of

13  his death); Keshia Hahn (personal representative of Decedent's estate and mother

14  of his biological children); Amy Marie Bradley (Decedent's ex-wife and mother of

15  Decedent's step-children); RE.B. and RY.B. (Decedent's biological children); D.P.

16  and M.P. (Decedent's step children); Rolland Hood (Decedent's father); and

17  Richard Hood (Decedent's brother).  ECF No. 1 at 1-4.  Ms. McLaughlin, RY.B.,

18  and RE.B filed crossclaims.  ECF Nos. 14, 15.  AFLIC moved for an entry of

19  default against Rolland Hood.  ECF No. 25.  The Court granted this motion.  ECF

20  No. 26.  Ms. Hahn now seeks to be dismissed as a Defendant-Claimant in her

individual capacity.  ECF No. 35.  None of the Defendant-Claimants filed

responses in opposition to the Motion to Dismiss.

There are four minor children involved in this case as potential beneficiaries

of Decedent's life insurance policy.  Amy Marie Bradley and her children move

the Court to appoint Ms. Bradley as guardian *ad litem* for D.P. and M.P., her

children.  ECF No. 34.  Hahn moves to dispense with the requirement of the

guardian *ad litem* requirement for her children entirely, or alternatively, to appoint

herself as guardian *ad litem* for RY.B. and RE.B.  ECF No. 36.  AFLIC also

moved for an interpleader deposit and to be discharged from the case.  ECF No.

37.  Those motions will be addressed in a separate Order.

**LEGAL STANDARD**

A beneficiary may disclaim an interest in whole or in part.  RCW

11.86.021(1).  Disclaimers include "any writing which declines, refuses,

renounces, or disclaims any interest that would otherwise be taken by a

beneficiary."  RCW 11.86.011(4).  The disclaimer should be in writing, signed by

the disclaimant, identify the disclaimed interest, state the extent of the disclaimer,

and it should be delivered within the required time period.  RCW 11.86.31.

Generally, when a defendant in an interpleader action disclaims interest in the

funds, the defendant then has no further interest or legal standing in the action.  *See*

*Amoco Prod. Co. v. Aspen Grp.*, 189 F.R.D. 614, 616 (D. Colo. 1999); *see also*

ORDER - 4

*Gen. Atomic Co. v. Duke Power Co.*, 553 F.2d 53, 58 (10th Cir. 1977). Courts have dismissed parties from cases who have properly disclaimed their interests in the funds at issue. *See, e.g., Helis v. Vallee*, 34 F. Supp. 467, 470 (E.D. La. 1940), *aff'd sub nom. Gordon v. Vallee*, 119 F.2d 118 (5th Cir. 1941); *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1142-43 (8th Cir. 1976); *Oakley Grains, Inc. v. Shumate*, No. 4:17-CV-00717-KGB, 2018 WL 4568596, at *3-4 (E.D. Ark. Sept. 24, 2018) (granting defendant's motion to dismiss because it had disclaimed any interest in the proceeds at issue).

## DISCUSSION

Hahn contends she should be dismissed from the case because she has no individual claim to the funds at issue. ECF No. 35 at 3. She states that she has no interest in the funds at issue and she has never asserted any claim to the funds from the outset of the case. *Id.* Hahn was never married to Decedent and was not listed as a beneficiary on any life insurance policy. *Id.* Hahn contends she stated in "her Answer to the Interpleader" that she did not have a claim to the funds. *Id.* As Hahn did not file an Answer in her individual capacity, it is unclear what document she is referencing. Hahn may be referring to the Estate's Answer which states, "Deny that Keshia Hahn is a claimant in her individual capacity," and "For a judgment releasing Keshia Hahn as a Claimant/Defendant in her individual capacity." ECF No. 15 at 2, 4. At the February 8, 2024 hearing, Hahn's counsel

moved to dismiss her as a defendant, because she concedes she has no claim to the

life insurance proceeds.  ECF No. 30 at 2.  As Hahn does not have an interest in the

funds, it is appropriate to dismiss her from the action.

Further, even if Hahn had an interest in the funds, the Court finds she has

disclaimed any interest.  Decedent died on or about September 4, 2022.  ECF No. 1

at 3.  Hahn did not provide a written, signed disclaimer within the nine-month

period required for a disclaimer under RCW 11.86.31.  In *Ferara,* a court found

that beneficiaries had constructively disclaimed their interest when they refused to

accept their distribution.  *Matter of Est. of Ferara*, 540 P.3d 194, 198 (Wash. Ct.

App. 2023), as amended (Jan. 8, 2024).  The Court of Appeals upheld the finding,

reasoning that RCW 11.86.021 sets limits on how a beneficiary could affirmatively

disclaim an interest but does not divest the court of its equitable powers under the

Trust and Estate Dispute Resolution Act, and such a finding was not inconsistent

with RCW 11.86.021.  *Id.* at 208.

Here, by stating she has no interest in the funds, and filing a motion to be

dismissed from the interpleader action, the Court finds Hahn has constructively

disclaimed any interest in the funds.  As she has no personal claim, she is

dismissed from the case.

Accordingly, **IT IS ORDERED:**

1. Defendant Hahn's Motion to Dismiss, **ECF No. 35,** is **GRANTED.**
Defendant-Claimant Hahn is **DISMISSED** from this action.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order,
provide copies to all parties and their counsel, and **TERMINATE Defendant-**
**Claimant Hahn from this action**.

DATED April 2, 2024.

_/s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 7